IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL MARTIN, Personal Representative**
**of Kenneth M. Forlow, Deceased, and**
**DOREEN E. FORLOW,**

      **Plaintiffs,**

vs.                                                **No. CIV 99-1461 MV/JHG**

**C & E CONCRETE, INC., a New Mexico**
**Domestic Profit Corporation, JIM**
**NELWOOD, an individual,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Claim for Punitive Damages, filed November 14, 2000 **[Doc. No. 93]**. Pursuant to Fed.R.Civ P. 56, Defendants move the Court for an order granting them partial summary judgment in regard to Plaintiffs' claim for punitive damages. As grounds for their motion, Defendants claim that Plaintiffs have failed to develop any evidence in support of their claim for punitive damages and thus dismissal of Plaintiffs' punitive damages claim is warranted.

### I. Standard of Review

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record

and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

     The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

     If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529.  It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356.  An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529.  The mere existence of a scintilla of

evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

### III.  Factual Background

Plaintiffs filed this diversity action asserting claims for wrongful death and loss of consortium. This action arises out of an automobile accident that occurred on May 10, 1999, and resulted in Kenneth M. Forlow's death. On the day of the accident, Defendant Nelwood was driving a tractor-trailer northbound on State Road 602 and was employed by Defendant C & E Concrete, Inc. Mr. Forlow was driving a pickup truck and was headed southbound on State Road 602. There is a dispute as to how the accident occurred. Subsequently, Plaintiffs filed this action against defendants, seeking compensatory and punitive damages.

### IV.  Discussion

In a diversity case, whether punitive damages are warranted is a matter of state law. *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995). Under New Mexico law, "[l]iability and the existence of compensatory damages are an adequate basis for punitive damages if there coexists 'culpable mental state' indivisible from the conduct constituting liability." *Allsup's Convenience Stores, Inc. v. North River Insurance Company*, 127 N.M.1, 19 (1999)(internal citations omitted). To be entitled to punitive damages a plaintiff must prove that defendant's conduct was malicious, willful, reckless, or wanton. See UJI 13-1827 NMRA 2000.

Defendants contend that, even if Plaintiffs can establish that Defendant Nelwood is liable to them on their underlying claims, Plaintiffs have failed to produce any admissible evidence to establish Defendant Nelwood had the required culpable mental state which would entitle them to obtain punitive damages against him. Additionally, Defendants contend Plaintiffs have failed to

produce any admissible evidence which would warrant the imposition of punitive damages against Defendant C & E Concrete, Inc.

Although Plaintiffs filed a response to Defendants' motion for partial summary judgment, they failed to comply with the provisions of Fed.R.Civ.P. 56.  Plaintiffs fail to set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. Fed.R.Civ.P. 56.  To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein.  *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir. 1998).  Instead, Plaintiffs direct the Court "to review hundreds of pages of deposition transcripts" and "request an in-person hearing where witnesses can be subpoenaed."  Plaintiffs' Resp. at 2.  Nonetheless, because there are pending motions that the Court needs to address and which may impact discovery deadlines, the Court will deny Defendants' motion at this time.  Defendants may renew their motion at a later date.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Claim for Punitive Damages, filed November 14, 2000 **[Doc. No. 93]** is denied.

Dated this   30th   day of May, 2001.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs                              Counsel for Defendants

William G. Stripp                                    Paul Maestas