IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL MARTIN, Personal Representative
of Kenneth M. Forlow, Deceased, and
DOREEN E. FORLOW,

       Plaintiffs,

vs.                                        No. CIV 99-1461 MV/DJS

C & E CONCRETE, INC., a New Mexico
Domestic Profit Corporation, JIM
NELWOOD, an individual,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Paul Martin's Motion to Dismiss His Claims Without Prejudice Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, filed July 14, 2000 **[Doc. No. 38]**. Having considered the motion, the memoranda in support and in opposition, the relevant law, and being fully apprised of the circumstance, the Court finds that the motion is not well taken and will be denied.

This is a wrongful death and loss of consortium action which arises out of an automobile accident that occurred on May 10, 1999. Kenneth M. Forlow died as a result of the accident. Plaintiff Paul Martin, a California attorney, brought the wrongful death action as the personal representative of Kenneth M. Forlow. Complaint ¶ 1. Doreen E. Forlow, a California resident and decedent's wife, is also pursuing a loss of consortium claim against the Defendants. Defendants are all New Mexico residents.

Plaintiff Paul Martin contends that under 28 U.S.C. § 1332 (c)(2), as Personal

Representative of the Estate of Kenneth Forlow, his citizenship is deemed to be the same as that of decedent Kenneth Forlow. Therefore, he claims diversity of citizenship with Defendants does not exist. Accordingly, Plaintiff Paul Martin moves the Court to dismiss his claims without prejudice and allow Plaintiff Doreen Forlow's claims to proceed. Defendants oppose the motion.

Under 28 U.S.C.§ 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent." However, under New Mexico law, a wrongful death action does not belong to the decedent's estate but instead is a cause of action in the name of the deceased for the benefit of the decedent's rightful heirs.[1] In *Henkel v. Hood*, 49 N.M. 45 (1945), the New Mexico Supreme Court held that the New Mexico wrongful death statute has no relation to the estate, and it is only incidental that a "personal representative" is named to bring suit. *Id.* at 47. The *Henkel* Court stated:

> The sole purpose of the legislature in using the words 'administrator or executor' is to designate an agency for the prosecution of the suit thereby provided for. Manifestly there is no intention to involve the estate represented by such administrator or executor in the suit provided for in this section. Any recovery in such a suit is the property of the relative for whose benefit the suit is brought, and it at no time constitutes a part of the estate of the decedent.

*Id.* 48, *see also, Torres v. Sierra*, 89 N.M. 441(Ct. App.)("The term 'personal representative' is

---

[1] Section 41-2-3 states in pertinent part:

[Personal representative to bring action; damages; distribution of proceeds of judgment.]

Every such action [wrongful death action] as mentioned in Section 41-2-1 NMSA 1978 shall be brought by and in the name or names of the personal representative or representatives of such deceased person . . . . The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: provided he or she shall have left a husband, wife, child, father, mother, brother, sister or child or children of the deceased child . . . .

used simply to designate the person who may prosecute the action."), *cert. denied*, 90 N.M. 8 (1976).

The Court of Appeals for the Tenth Circuit addressed this issue in *Tank v. Chronister*, 160 F.3d 597 (10th Cir. 1998). In *Tank*, the Court of Appeals held that § 1332(c)(2) did not apply to a diversity wrongful death action brought in Kansas by a Wisconsin heir because under Kansas law a claim for wrongful death is brought only on behalf and for the benefit of the heirs and not on behalf of or for the benefit of the estate. *Id.* at 599. The Court of Appeals reasoned that § 1332(c)(2) "excludes from its coverage those who are not representing the estate of a decedent, even if the individual is 'appointed pursuant to statute with authority to bring an action for wrongful death.'" *Id.*

In this case, pursuant to N.M. Stat. Ann. § 41-2-3, Plaintiff Paul Martin brought this wrongful death action on behalf of and for the benefit of the heirs of the deceased and is not representing the estate. The Court therefore finds that § 1332(c)(2) does not apply in this case because § 1332(c)(2) requires that representation be on behalf "of the estate of a decedent." Plaintiff Paul Martin is therefore not deemed to be a resident of the same state as the decedent for diversity of jurisdiction purposes. Accordingly, the Court will deny Plaintiff Paul Martin's Motion to Dismiss His Claims Without Prejudice Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff Paul Martin's Motion to Dismiss His Claims Without Prejudice Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure **[Doc. No. 38]** is denied.

Dated this 30th day of May, 2001.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs

William G. Stripp

Counsel for Defendants

Paul Maestas