# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PAUL MARTIN, Personal Representative
of Kenneth M. Forlow, Deceased, and
DOREEN E. FORLOW,

        Plaintiffs,

vs.                                                                                                 No. CIV 99-1461 MV/JHG -ACE

C & E CONCRETE, INC., a New Mexico
Domestic Profit Corporation, and
JIM NELWOOD, an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion To Enforce Settlement Agreement, filed June 27, 2001 [Doc. No. 121], and Defendants' Cross-Motion To Enforce Settlement Agreement Or, In The Alternative, For A Determination That No Settlement Agreement Was Reached At The December 18, 2000[,] Settlement Conference, filed July 13, 2001 [Doc. No. 126]. The Court, having read the motions and memoranda submitted by the parties, and being apprised of the applicable law, concludes that Plaintiffs' motion will be denied and Defendants' motion will be granted. All other pending motions in this action will be denied as moot.

## I.    BACKGROUND

This is a wrongful death and loss of consortium action which arises out of a vehicular accident that occurred on May 10, 1999, between Kenneth M. Forlow and Defendant Nelwood.

At the time of the accident, Defendant Nelwood was employed by Defendant C&E Concrete, Inc., and was driving a tractor-trailer in the course and scope of his employment. Kenneth M. Forlow died as a result of the accident.

Defendant C&E Corporation, Inc. has existed since February 17, 1989. Although unclear from the record, its shareholders and corporate officers appear to include Robert Meech, Walter L. Meech, Walter V. Meech, and Norma Meech. Before March 7, 1997, Defendant C&E Corporation was the parent company of Eagle Ready Mix Concrete, Inc. The shareholders and corporate officers of Eagle Ready Mix Concrete appear to have been Robert Meech, Walter L. Meech, Walter V. Meech, and Norma Meech. On March 7, 1997, Eagle Ready Mix Concrete, Inc. merged with and into Defendant C&E Concrete, Inc. Defendant C&E Concrete, Inc. remained as the surviving corporation and sole shareholder of Eagle Ready Mix Concrete. Since March 7, 1997, Defendant C&E Concrete has conducted business as C&E Concrete, Inc. d/b/a Eagle Ready Mix Concrete.

As of 1997, Eagle Ready Mix Concrete, Inc. and Defendant C&E Concrete, Inc. each had a Department of Transportation (DOT) number which was required to be posted on their respective trucks. Although Eagle Ready Mix Concrete, Inc. ceased to exist as a New Mexico corporate entity in March 1997, Defendant C&E Concrete, Inc. failed to replace the DOT number assigned to Eagle Ready Mix Concrete with the DOT number assigned to it on the doors of former Eagle Ready Mix Concrete trucks. Defendant C&E Concrete also failed to surrender Eagle Ready Mix Concrete's DOT number to the DOT. At the time of the May 1999 accident, Defendant Nelwood's tractor-trailer carried an Eagle Ready Mix Concrete DOT number. Consequently, the May 1999 accident was reported under Eagle Ready Mix Concrete's DOT

number and not under Defendant C&E Concrete's number.

On August 24, 2000, Plaintiffs moved to amend their complaint to add as defendants: Eagle Ready Mix Concrete, a noncorporate business entity; Robert Meech; Walter L. Meech; Walter V. Meech; and Norma Meech. The motion to amend was not decided by the Court before the December 18, 2000, settlement conference and remains pending.

At the December 18, 2000, settlement conference, the action was settled by the parties. Following the settlement conference, Defendants presented Plaintiffs with a settlement agreement with a release and a stipulated motion for and order of dismissal. Plaintiffs found the release unacceptable and refused to sign it or the dismissal documents. In their separate motions to enforce the settlement, the parties dispute the proper breadth or scope of the release and request that either their respective interpretations of the scope of the settlement be enforced or that the Court determine there was no "meeting of the minds" on December 18, 2000, and reset the case for trial.

## II.   DISCUSSION

On December 18, 2000, the parties and their counsel attended a settlement conference before Magistrate Judge DeGiacomo. It appears a representative of Mountain States Mutual Casualty Company, the insurance carrier for Defendant C&E Concrete, Inc. d/b/a Eagle Ready Mix Concrete, also attended the conference. After the parties resolved the claims arising from the May 1999 accident, Judge DeGiacomo recited on the record the terms of the settlement: "The Defendant [sic] will pay to the Plaintiff [sic] in full settlement of all claims set forth in this Complaint, or which could have been set forth, the sum of $100,000." Defs.' Mem. Br. in Supp. of Defs.' Cross-Mot., Ex. B at 51, ll. 5-8 (Tr. of Dec. 18, 2000, Settlement Conference); see Pls.'

Mem. Br. in Supp. of Mot., Unnumbered Attach. 2 at 1 (Partial Tr. of Dec. 18, 2000, Settlement Conference). Both parties accepted the terms of the settlement. Judge DeGiacomo instructed the parties that to close the case the parties and/or counsel would have to sign a "joint motion dismissing this case with prejudice and whatever releases are necessary between the parties." Defs.' Mem. Br., Ex. B at 52, ll. 1-3; see Pls.' Mem. Br., Unnumbered Attach. 2 at 2. Counsel for Defendants sought clarification "that there will be the execution of a release with the standard language indicating that the settlement is not in any way" an admission of Defendants' liability. Defs.' Mem. Br., Ex. B at 52, ll. 11-14; see Pls.' Mem. Br., Unnumbered Attach. 2 at 2. The Court responded that Defendants' counsel was correct. It was then agreed that Defendants would "draw the necessary release, standard release," and "have it in the hands of counsel for Plaintiff [sic] forthwith." Defs.' Mem. Br., Ex. B at 54, ll. 16-18 (quoting Judge DeGiacomo); see Pls.' Mem. Br., Unnumbered Attach. 2 at 3.

Defendants presented Plaintiffs with a "settlement agreement and release of all claims" and dismissal documents, all of which Plaintiffs refused to sign. The challenged portion of the release provides:

> [Plaintiffs in exchange for the agreed upon consideration do] forever release, acquit, exonerate and discharge C&E Concrete, Inc., C&E Concrete, Inc. d/b/a Eagle Ready Mix Concrete, Eagle Ready Mix Concrete, Jim Nelwood, Walter Lee Meech, Ronnie Cash, Robert Meech, Daniel Meech, Patti Meech, Walter V. Meech, Norma Meech, Mountain States Insurance Group, and Mountain States Mutual Casualty Company, their shareholders, directors, parent companies, subsidiaries, predecessors, successors, employees, officers, agents, spouses, attorneys and insurers (the "released parties") of all claims, damages, actions, demands, or causes of actions, lawsuits, which we ever had or may hereafter have . . . as a result of the death of Kenneth M. Forlow in the automobile accident which occurred on [May 10, 1999].
>
> [T]he release . . . is a general release which shall be construed in the

> broadest sense possible so as to fully and completely extinguish any and all of our claims or potential claims arising out of the Accident and death of Kenneth M. Forlow. . . .

Defs.' Mem. Br., Ex. C at 2, ¶¶1, 2 (Settlement Agreement and Release of All Claims). Plaintiffs contend that at the settlement conference there was no discussion of releasing nonparties to the lawsuit and that, therefore, the proposed release does not accurately encapsulate what the parties agreed to. Plaintiffs aver or declare that their sole intention at the settlement conference was to release the named defendants only and no other individual or entity.[1] Defendants counter that Plaintiffs are seeking to renegotiate the settlement agreement, ignoring the plain language chosen by Judge DeGiacomo in summarizing the terms of the settlement agreement, the context of the settlement agreement, and the standard practice of including in release documents shareholders, officers, directors, employees, predecessors, successors, and affiliated companies of a corporate defendant.

---

[1] Plaintiffs are unwilling to release "Eagle Ready Mix Concrete, Walter Lee Meech, Ronnie Cash, Robert Meech, Daniel Meech, Patti Meech, Walter V. Meech, Norma Meech, Mountain States Insurance Group, and Mountain States Mutual Casualty Company, or their shareholders, directors, parent companies, subsidiaries, predecessors, successors, employees, officers, agents, spouses, attorneys and insurers." Pls.' Mem. Br., Unnumbered Attach. 4 at 2 (Aff. of Doreen E. Forlow); see id., Unnumbered Attach. 3 at 2 (Decl. of Paul Martin). Plaintiffs also are unwilling to release the "shareholders, directors, parent companies, subsidiaries, predecessors, successors, employees, officers, agents, spouses, attorneys and insurers of [D]efendant C&E Concrete, Inc." Pls.' Mem. Br., Unnumbered Attach. 4 at 2 (Aff. of Doreen E. Forlow) (internal quotations omitted); see id., Unnumbered Attach. 3 at 2 (Decl. of Paul Martin). The release Plaintiffs are willing to sign is "limited to the following language:

> Paul Martin and Doreen Forlow for the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) hereby release Jim Nelwood and C&E Concrete, Inc. from all claims that were brought or could have been brought against them in Paul Martin and Doreen Forlow v. Jim Nelwood and C&E Concrete, Inc., United States District Court for the District of New Mexico case number CIV-99-1461 MV/JHG."

Pls.' Mem. Br., Unnumbered Attach. 4 at 3 (Aff. of Doreen E. Forlow); see id., Unnumbered Attach. 3 at 2 (Decl. of Paul Martin).

Issues involving the enforceability of a settlement agreement generally "are resolved by applying state contract law." United States v. McCall, 235 F.3d 1211, 1215 (10th Cir. 2000). The objective in construing the terms of a release is to effect the intent of the parties. Hansen v. Ford Motor Co., 120 N.M. 203, 211, 900 P.2d 952, 960 (1995). In determining the intent of the parties in entering an oral contract, such as the settlement agreement reached at the December 18, 2000, settlement conference, the Court must look not only to "the words constituting the agreement," but also the context of those words. Tarin's, Inc. v. Tinley, 2000-NMCA-048 ¶16, 129 N.M. 185, 192, 3 P.3d 680, 687 (Ct. App. 1999) ("[T]he words constituting the agreement are merely parts of and imbedded in a general conversation, and the meaning must be interpreted with reference to the circumstances under which the parties contracted in light of the objectives to be accomplished." (internal quotations omitted)); see Hansen, 120 N.M. at 205, 900 P.2d at 954. The secret or undisclosed intent or private thoughts of a party are not relevant. Pope v. The Gap, Inc., 1998-NMCA-103 ¶¶13, 125 N.M. 376, 380, 961 P.2d 1283, 1287 (Ct. App. 1998); Trujillo v. Glenn Falls Ins. Co., 88 N.M. 279, 281, 540 P.2d 209, 211 (1975). "Where the parties attach materially different meanings" to the language of settlement terms, "'[t]he manifestations of the parties are operative in accordance with the meaning attached to them by one of the parties if . . . that party does not know [or has no reason to know] of any different meaning attached by the other, and the other knows [or has reason to know] the meaning attached by the first party.'" Pope, 1998-NMCA-103 ¶13, 125 N.M. at 380, 961 P.2d at 1287 (quoting Restatement (Second) of Contracts § 20(2)(1981) (first alteration in Pope)). However, if the parties did not have a "meeting of the minds" as to the meaning and import of the terms of their settlement agreement, the settlement is a nullity. Trujillo, 88 N.M. at 280, 540 P.2d at 210.

At the December 18, 2000, settlement conference, the parties and the magistrate judge did not explicitly discuss the scope of the release to be prepared or the specific claims or causes of action settled. Nevertheless, Judge DeGiacomo recited the settlement terms as a <u>full</u> settlement of <u>all</u> claims set forth in the complaint <u>and</u> <u>those which could have been set forth</u>. The settlement conference was held with the parties' knowledge of Plaintiffs' pending motion to amend the complaint to add additional defendants. It also was held with the knowledge that the insurance carrier representative attending the settlement conference insured Defendant C&E Concrete Defendant, Inc. d/b/a Eagle Ready Mix Concrete. Given this knowledge and these circumstances, if Plaintiffs intended to reserve their claims as to nonparties, they should have raised the issue at the settlement conference and sought to clarify Judge DeGiacomo's summary of the settlement terms.[2] Defendants had no reason to know, based on the language used by Judge DeGiacomo and the context of the case, that Plaintiffs intended to only settle with and release Defendants Nelwood and C&E Concrete, Inc. See Pope, 1998-NMCA-103 ¶¶13-15, 125 N.M. at 380-81, 961 P.2d at 1287-88. Moreover, while Defendants have supported their contention that the release they prepared was a standard release, and thus in compliance with Judge DeGiacomo's instructions, Plaintiffs have failed to support their argument that the release language was not standard. The Court, therefore, concludes that the release in the settlement agreement drafted by Defendants is consistent with the disclosed intent of the parties and the terms agreed upon at the December 18, 2000, settlement conference. Consequently, the Court further concludes that Plaintiffs' motion to enforce the settlement agreement is not well-taken and that Defendants'

---

[2] Plaintiffs' affidavit and declaration in support of their motion to enforce the settlement agreement disclose only Plaintiffs' unilateral, subjective intent. They are insufficient in themselves to establish an ambiguity in the oral settlement agreement terms. See Hansen, 120 N.M. at 206, 900 P.2d at 955.

7

cross-motion to enforce the settlement agreement is well-taken.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Enforce Settlement Agreement, filed June 27, 2001 [Doc. No. 121], is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Cross-Motion To Enforce Settlement Agreement Or, In The Alternative, For A Determination That No Settlement Agreement Was Reached At The December 18, 2000[,] Settlement Conference, filed July 13, 2001 [Doc. No. 126], is GRANTED.

**IT IS FURTHER ORDERED** that within fifteen (15) days of the filing date of this Memorandum Opinion and Order the parties shall file the necessary closing documents, including a stipulated motion dismissing this action with prejudice, an order of dismissal, and the signed settlement agreement with release (attached as Ex. C to Defs.' Mem. Br. in Supp. of Defs.' Cross-Mot.).

**IT IS FURTHER ORDERED** that all remaining pending motions in this action are DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE


Counsel for Plaintiffs: William G. Stripp, Ramah, N.M.

Counsel for Defendants: Paul Maestas, SILVA, RIEDER & MAESTAS, P.C., Albuquerque, N.M.